[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE COUNTS III and IV
In her revised complaint dated November 21, 1989 the plaintiff Judith Paes alleges that she owns property in East Haven which abuts property owned by the defendant landowners. The plaintiff further alleges that the defendant landowners constructed improvements on their land which were beyond the scope of variances granted to them for the rear and front yard setback requirements.
In Count I, the plaintiff alleges that the municipal defendants: issued a building permit for the subject construction prior to coastal area management approval in violation of Connecticut General Statutes 22a-109 (h): failed to require an accurate survey of the proposed construction prior to granting variances failed to enforce the zoning regulations and statutory requirements or make a determination of no violation, despite requests by the plaintiff for them to do so: and failed to complete an investigation into the complaints of the plaintiff. The plaintiff seeks an order of mandamus against the municipal defendants compelling them to make a determination of compliance or noncompliance with the regulations applicable to the defendant landowners' lot and building.
Count III of the plaintiff's revised complaint is directed to the defendant landowners and alleges that they failed to obtain the necessary variances and approvals prior to constructing an addition to their house. In particular, it is alleged that they failed to obtain coastal site plan approval and that, pursuant to Connecticut General Statutes 22a-108, such failure constitutes a public nuisance.
Count IV of the plaintiff's revised complaint is directed to the municipal defendants and alleges that their failure to carry out their statutory duties (as set forth in Count I) constitutes a private nuisance.
The defendant landowners filed a motion to strike (#162) Counts III and IV dated June 21, 1990.
The landowner defendants move to strike Count III on the ground that the statute relied on by the plaintiff (Connecticut CT Page 3106 General Statutes 22a-108) does not create a private right of action. The defendant landowners argue that, instead, this statute specifically permits only municipalities and the attorney general to abate public nuisances as defined by the Coastal Management Act.
The plaintiff argues that although Connecticut General Statutes 22a-108 authorizes the municipality to abate public nuisances as defined in the Coastal Management Act, individuals are not precluded from exercising their common law right of action to recover damages for a public nuisance.
The Coastal Management Act provides in pertinent part:
 Sec. 22a-108. Violations. Any activity within the coastal boundary not exempt from coastal site plan review pursuant to subsection (b) of section 22a-109, which occurs without having received a lawful approval from a municipal board or commission under all of the applicable procedures and criteria listed in sections 22a-105 and 22a-106, or which violates the terms or conditions of such approval, shall be deemed a public nuisance. Municipalities shall have the authority to exercise all enforcement remedies legally available to them for the abatement of such nuisances including, but not limited to, those under section 8-12. After notifying the municipality in which the activity is located, the commissioner may order that such a public nuisance be halted, abated, removed or modified and that the site of the violation be restored as nearly as reasonably possible to its condition prior to the violation, under the authority of sections 22a-6 and 22a-7. The commissioner may request the attorney general to institute proceedings to enjoin or abate any such nuisance. Upon receipt of a petition signed by at least twenty-five residents of the municipality in which an activity is located the commissioner shall investigate to determine whether or not an activity described in the petition constitutes a public nuisance. Within ninety days of receipt of such petition, the commissioner shall make a written determination and provide the petitioning municipality with a CT Page 3107 copy of such determination.
This statute does not authorize private individuals to bring civil actions for abatement of the statutory public nuisance defined therein, but it does not preclude the plaintiff from maintaining a common law claim for public nuisance. In order to state a cause of action sounding in nuisance, the plaintiff must allege the following elements: that the condition complained of had a natural tendency to create danger and inflict injury upon person or property; that the danger created was a continuing one; that the use of the land was unreasonable or unlawful; and that the existence of the nuisance was a proximate cause of her injuries and damages. State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183 (1987). Further, to state a claim of public nuisance the plaintiff must also allege that the condition or conduct complained of interfered with a right common to the general public. Id.
"Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." Couture v. Board of Education, 6 Conn. App. 309, 314-15 (1986) (citations omitted). Thus, to recover for public nuisance, a plaintiff must allege that she was injured in the exercise of a public right. Id. at 315.
The plaintiff has failed to allege that she has been injured in the exercise of a public right. Consequently, the defendant landowners' motion to strike (#162) is granted as to Count III.
The defendant landowners also move to strike Count IV on the grounds that it fails to allege that the municipality committed a positive act and, therefore, it fails to state a legally sufficient claim of private nuisance against a municipality. The plaintiff argues that since Count IV is not directed to the landowner defendants, but only to the municipal defendants, their motion to strike must be denied.
Connecticut Practice Book 152 provides in pertinent part: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, . . . or any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading." (Emphasis added)
In general, courts may not be used to obtain judicial opinions upon points of law unless the determination of the controversy will result in practical relief to the complainant. CT Page 3108 See Hallas v. Windsor, 212 Conn. 338, 347 (1989). The court's ruling on the defendant landowner's motion to strike Count IV would not result in any practical relief to the defendant landowners since Count IV does not allege any liability on the part of these defendants.
The defendant landowners may not seek to strike a count not directed at them. The Motion to Strike as to Count IV is denied.
Thomas V. O'Keefe, Jr., Judge